this afternoon on the calendar. It's Burke v. Dollar Tree Stores, Inc. 22-2997. We have Mr. Burke and Mr. Billick. Yes, Your Honor. Okay, Mr. Burke, are you able to hear us okay? Yes, Your Honor, thank you. All right, I see you reserved one minute for okay. I'd like to thank you, Judge, for this opportunity, which has been years in the making. I understand I only have four minutes, so I'll be brief. I prepared a statement, which I'll read, which should not take more than that time. I believe that this is a historic event. I am an extremely damaged, broken, and shattered individual. Both the Social Security Administration and the VA agree that I am severely, totally, and permanently disabled. I was brutally raped in California some 20 years ago, and I have the San Jose Police report to prove it, which I've submitted in my filings. Also, the New York State case of the People v. DeMora from 2018 shows that the testimony of the victim alone is sufficient to attain a conviction. When I got out of the work and I was highly overmedicated and struggling to hang on to my high-tech job, my boss, Atif, asked me to work with the new girl, Gina, and tell him everything that she didn't say, which I dutifully complied with. She was subsequently fired. So when I was working for Dollar Tree from approximately June 2019 to November of 2021, I contended that everyone was essentially a Ron, and I was a Gina, and behind it all was a nefarious Atif who was out to get me. So I was guarded and careful and very defensive, but it didn't work. My mental illness was ultimately triggered. My PTSD was triggered. My mental health had decompensated to the point where I was hospitalized in ECMC for a month. Once I got out of ECMC, I was wrongfully terminated by Dollar Tree for actions which were basically when I was in a state, mental state, which led directly to my hospitalization. So I did extensive research on privacy, everything from Blackstone's commentary to Warren and Brandeis' article in the board of the Harvard Law Review, Paul v. Davids from the Supreme Court. I was surprised to find out that New York State doesn't have a common law right to privacy, but it does have a statutory right to privacy for victims or survivors of sexual abuse. And in 1991, then-Governor Cuomo extended it to all ages. So basically my case is, and my question to the court is, how are individuals who are covered under Article 130 treated differently, and hence civil rights law 50 Bravo and Charlie treated differently, and where is their line of protection or defense drawn? I believe that if you, like the court in Proschetti v. Shearer, where the court decided to back the judge's decision to censor the defense attorney in the fair administration of justice, and if you agree with the Supreme Court of the United States, like in Florida Star v. BJF, to paraphrase loosely, the invasion of privacy of a rape victim never enjoys constitutional protection. So if you decide to let this case go to the discovery phase, and it turns out that Dollar Tree did utilize an a-teef-like strategy, then I'm confident you will find them guilty of a host of legal violations and violating many of my rights which are guaranteed under the Constitution and the Holy Bible. I thank you in advance for your time and consideration in this matter. Right. Thank you, Mr. Burke. We'll now hear from Mr. Pellick. Thank you, Your Honor. May it please the court. Mr. Burke has just stated that there is no common law right to privacy in New York, so we respectfully submit there is only one issue in this case, and that is, did the district court get the law right on Mr. Burke's New York civil rights 50B and constitutional claims in finding they did not apply because Dollar Tree is not a governmental entity or a state actor? And the answer we submit to that question is, yes, the court did get it correct. The text of section 50B is clear and unambiguous. No report, paper, picture, photograph, court file, or other documents in the custody or possession of any public officer or employee which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document which tends to identify such a victim except as provided in subdivision 2 of the section. There's a New York Court of Appeals case directly on point for this, and that is Fapiano v. New York City Police Department, which was cited in Judge Villardo's decision below. That's 95 New York 2nd 738 from 2001, and at page 744 it states that civil rights law 50B prohibits disclosure by a government employee of any portion of a police report, court file, or other document which tends to identify the victim of a sex crime. And at page 748 it again states civil rights law 50C mandates caution by imposing civil liability upon governmental entities that disclose the identity of a sex crime victim in violation of section 50B. And while this is not in the record, the court may take judicial notice of the legislative history of this law, which is available at the New York State Library Digital Collection, bill jacket L-1979-CH-656. At page 8 of this bill jacket is a letter from the bill's sponsor that became section 50B, Ronald Stafford, to Richard Brown, who was counsel to the governor, urging the governor to sign the bill. And Senator Stafford said, the bill does not raise constitutional issues since it does not prohibit the media from disclosing the victim's identity, but rather only limits disclosure by public officers and employees. So the text of the law, the case law, the legislative history are all clear. Section 50B does not apply to private entities such as Dollar Tree. Thus the district court was correct in dismissing Mr. Burke's section 50B claim. Likewise, regarding his arguments on the 4th and 14th in below, he did not raise them in his brief, so we argue that they're forfeit. But again, there's no dispute that Dollar Tree is not a state actor. Regarding his citations to Facetti v. Shearer, that case, we argue, is an opposite. That was the case in the context of a criminal proceeding of rape charges against a defendant. He was accused of raping a minor. Defense counsel wanted to publish the name of the minor to set up a hotline where people who falsely accused could call in. The court said that publicity would taint a jury pool. That's not an issue that's present here. And the court also states specifically that 50B only specifically, and this is a quote from the decision, only specifically prohibits disclosure of documents identifying the victim where that disclosure is by public officers or employees. So that very case supports our position. And regarding the Florida Star v. BJF case that he cites, again, he quotes the victim's position, not actually what the court held. The court held that the newspaper, the Florida Star, could not be sanctioned for publishing information that it had obtained legally. So that case is an opposite as well. We believe the district court decided the case correctly and submitted that it should be affirmed, Your Honors. Right. Thank you, Mr. Billick. And Mr. Burke, you have one minute reserved for rebuttal. Yeah, thank you, Your Honor. I appreciate Mr. Billick's statements and arguments on the legal matters. I still believe that I was wrongfully terminated. I believe that I was in a state of actions. Personally, I feel that Dollar Tree should definitively find out that a person is not covered under Article 130 and not covered under New York State 50B before commencing any of their teeth-like actions, I would say. All right. Thank you, Mr. Burke. And I want to compliment you for keeping within your time. I know there was a lot you wanted to cover today, and we appreciate that you did so within the time allotted. So we are going to reserve decision, and that completes the business of the court. Thank you both, and have a good day. Thank you, Your Honor.